IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF GARY BRANNON, *by and through its administrator Mitchel Brannon*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:24-cv-00683-RAH [WO] |
| GEOFFREY BLAKE YOUNG, | ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Defendant Geoffrey Blake Young's Motion to Dismiss. In his motion, Young argues the Complaint against him should be dismissed on res judicata grounds. The motion is due to be denied.

**JURISDICTION AND VENUE**

The Court has original subject matter jurisdiction over the federal issues raised in this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367(a). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). At this stage, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) (citing *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992)).

## FACTS AND PROCEDURAL BACKGROUND

On November 8, 2022, Gary Brannon was arrested for driving under the influence of alcohol in Wetumpka, Alabama. During his detention, Brannon was involved in an altercation with law enforcement that led to his hospitalization and ultimately his death on July 8, 2023.

On January 5, 2024, Michael Brannon, on behalf of the Estate of Gary Brannon, brought suit against the City of Wetumpka, Sheriff Bill Franklin, Michael V. Templin, and six fictitious defendants, including fictitious defendants numbers 3 and 6—the City of Wetumpka police officers who allegedly struck Gary Brannon. The Amended Complaint asserted causes of action under 42 U.S.C. § 1983 for unreasonable/excessive force and inadequate training and supervision. It also asserted a wrongful death cause of action and added Tracey Jackson, Warden at the Elmore County Jail, as a defendant.

During the case, the Estate voluntarily dismissed the City of Wetumpka, Templin, and Jackson, leaving Sheriff Franklin and the six fictitious defendants as party defendants. This Court later dismissed the claims against Sheriff Franklin with prejudice on grounds of qualified immunity. The claims against all fictitious defendants were dismissed without prejudice.

Around six weeks later, the Estate filed a new lawsuit—this one— concerning the incident. This time, the Estate named Geoffrey Blake Young, an officer at the Elmore County Jail, as a defendant. The Complaint asserts a cause of action under 42 U.S.C. § 1983 for unreasonable/excessive force and a separate cause of action for wrongful death.

2

Young moved to dismiss the Complaint on res judicata grounds, arguing the Estate's previous lawsuit, which was dismissed against Sheriff Franklin with prejudice and the fictitious defendants without prejudice, precludes the Estate from suing again but this time against Young.

## DISCUSSION

### A.   Claim Preclusion

In his motion to dismiss, Young argues "[t]he doctrine of res judicata bars Plaintiff's claims because the issues raised in this case were already litigated and decided in a prior proceeding involving the same parties or their privies." (Doc. 19 at 1–2.)

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). On the other hand, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (internal quotation marks omitted) (quoting *New Hampshire*, 532 U.S. at 748–49). Federal common law is applied because the preclusive effect of a federal judgment is being considered. *Id.* at 891 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)); *see also CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) (citations omitted) ("[F]ederal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction.").

For res judicata, or more specifically claim preclusion, to bar a second action, four elements must be present: (1) a final judgment on the merits, (2) rendered by a

court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases. *In re Paper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992); *In re Justice Oaks II, Ltd.*, 898 F.3d 1544, 1550 (11th Cir. 1990)).

As to the first element, the Court dismissed the first case against Sheriff Franklin with prejudice. A dismissal with prejudice constitutes an adjudication on the merits, at least with respect to Sheriff Franklin. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501–02 (11th Cir. 1990) (citation omitted). Thus, the first element is satisfied.

For whether the final judgment was rendered by a court of competent jurisdiction, it is undisputed that this Court's Final Judgment, [Final Judgment, *The Est. of Gary Brannon v. City of Wetumpka*, No. 24-cv-00005 (M.D. Ala. Sept. 6, 2024), ECF No. 75], entered in the prior case was issued by a court of competent jurisdiction. The Court had jurisdiction over all claims asserted in the Amended Complaint in the prior case through both federal subject matter and supplemental jurisdiction. As a result, the second element is also satisfied.

To determine whether the two suits involve the same claims, a court considers "whether the claims arise out of the same nucleus of operative facts, or are based upon the same factual predicate." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1329–30 (11th Cir. 2024) (cleaned up) (cert. pending) (quoting *TVPX ARS, Inc. v. Genworth Life & Annuity Ins.*, 959 F.3d 1318, 1325 (11th Cir. 2020)). "Causes of action share a nucleus of operative fact if 'the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one.'" *Id.* at 1330 (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013)). In addition, "[r]es judicata 'applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of

4

the same nucleus of operative fact.'" *Id.* (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)).

Here, both lawsuits involve the same arrest, detention, use of force, and injury. The defendants in both actions were sued for their respective roles during the events that resulted in Gary Brannon's death. Accordingly, the two lawsuits arise out of a common nucleus of facts. Although the Estate asserts different and additional violations of Gray Brannon's rights in the first lawsuit, those violations involve the same underlying nucleus of facts as to Young. The Estate's reformulation of its theories for relief is not dispositive. Any claims that would lie against Young here could have been asserted in the first case. As a result, the fourth element is satisfied.

The primary element at issue is whether Young was either a party to the original action or in privity with a party.

Generally, a person who is not a party to an action is not entitled to the benefit of res judicata. *See Taylor*, 553 U.S. at 892–93 (quoting *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996) ("The application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted' historic tradition that everyone should have his own day in court'")). And here, Young was not expressly named as a defendant in the original action. But that is not the end of the inquiry because the Estate's Complaint in the first action also identified several fictitious party defendants—including two that likely describe Young—a practice generally not recognized in federal courts. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) ( "[F]ictitious-party pleading is not permitted in federal court.").

Under fictitious party practice, a plaintiff who has designated one or more defendants by fictitious names must amend the complaint to substitute a defendant's true name for the fictitious one after it is discovered. But here, the first case was filed in federal court—not state court—nor did the Estate ever amend, or attempt to

5

amend, its pleadings to substitute Young for any fictitious defendant.[1] "[T]he mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process." *See Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987) (citing *Hart v. Yamaha-Parts Distribs., Co.*, 787 F.2d 1468, 1471 (11th Cir. 1986)). Simply put, Young was never a named defendant in the first lawsuit, nor made an appearance; he was not subjected to the Court's jurisdiction. As a result, he was not a party for res judicata purposes.

Young argues that res judicata nevertheless applies because he was in privity with the parties in the first lawsuit, namely Sheriff Franklin. "Privity" describes a "relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Rodemaker*, 110 F.4th at 1327 (quoting *Hunt*, 891 F.2d at 1560)). It "exists where the nonparty's interests were represented adequately by the party in the original suit." *Hunt*, 891 F.2d at 1560–61 (citing *Hart*, 787 F.2d at 1472).

> This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interests in the same property right.

*Hart*, 787 F.2d at 1472 (citations omitted).

Young and Sheriff Franklin are not in privity just because the Estate makes similar claims against them based on the same general set of facts. "When a person suffers injury as the result of the concurrent or consecutive acts of two or more

---

[1] The Court notes that within weeks of this Court's dismissal of the first case, the Estate filed this case against Young. The quick re-filing suggests that the Estate was already aware of Young's existence. The Court can only speculate about why the Estate elected to file an altogether different lawsuit instead of simply filing an amended complaint that added Young as a defendant in the first lawsuit.

6

persons, he has a claim against each of them. . . . Accordingly, a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor." *Hart*, 787 F.2d at 1474 (quoting Restatement (Second) of Judgments § 49 comment a (1980)).

Here, Sheriff Franklin was, and Young is, being sued for money damages for their own independent actions in causing Gary Brannon's death. And it cannot be said that Sheriff Franklin, or his counsel, effectively represented Young's interests in the prior litigation; that would be true, for example, if Sheriff Franklin was sued in his official capacity as sheriff as was Young who later replaced Sheriff Franklin. But those are not the circumstances here. There was no substantial identity of parties, nor did they have identical interests. Notably, Young did not participate in the prior case, and Sheriff Franklin was not bound by a judgment against Young, or vice versa. Nor was there any principal-agent relationship between Franklin and Young.

As for virtual representation, which "is a term of art . . . applying 'when the respective interests are closely aligned *and* the party to the prior litigation adequately represented those interests,'" *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1287 (11th Cir. 2004) (quoting *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 587 (11th Cir. 1983)), the Court finds it inapplicable to the present case. Four factors used to determine whether virtual representation applies include "whether there was participation in the first litigation, apparent consent to be bound, apparent tactical maneuvering, and close relationships between the parties and nonparties." *Id.* (cleaned up) (quoting *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988)). No single factor applies here. While Young argues he shares a common employer with the defendants named in the prior federal court litigation and that Sheriff Franklin is being sued, in part, because of Young's own conduct, this alone is an insufficient basis on which to confer privity based on the record of the federal

7

proceedings. The Court, therefore, cannot conclude that Young's respective interests were closely aligned and adequately represented in the prior federal court action to meet the "in privity" element of res judicata. Claim preclusion therefore does not apply and does not bar the Estate's claims.

### B.   Claim Splitting

Young also contends the present case results from improper claim splitting. (Doc. 19 at 9.) "Claim-splitting has been analyzed as an aspect of res judicata or claim preclusion." *Vancouver v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citations omitted). Claim-splitting "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit" and "applies where a second suit has been filed before the first suit has reached a final judgment." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021) (quoting *Vanover*, 857 F.3d at 840 n.3, 841). A court must analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* (quoting *Vanover*, 857 F.3d at 841–42).

While both cases involve "the same nucleus of operative facts," *id.* (quoting *Vanover*, 857 F.3d at 842), Young was not a party to the prior suit, and there is no privity between Young and the defendants in the prior suit. Thus, Young is not entitled to dismissal based on improper claim splitting.[2]

### C.   Issue Preclusion

Finally, Young argues that collateral estoppel, or issue preclusion, applies because "[t]he issues of excessive force and wrongful death were implicitly addressed in the prior litigation." (Doc. 22 at 4.) Issue preclusion requires the elements below:

---

[2] The Court notes that this case was not filed before the Court entered final judgment in the prior suit.

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been *actually litigated* in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*CSX Transp., Inc.*, 327 F.3d at 1317 (emphasis added) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)).

The issue at stake is identical to the one involved in the prior litigation as the same factual basis underlies both the Amended Complaint in the prior suit and the Complaint in this case — the circumstances surrounding the death of Gary Brannon. However, the facts giving rise to Gary Brannon's death were not actually litigated in the prior suit.

"An issue is considered 'actually litigated' when the 'issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1267–68 (11th Cir. 2011) (quoting Restatement of Judgments § 27, cmt. d). While not dispositive, in its Amended Complaint in the prior suit, the Estate did not assert unreasonable/excessive force and wrongful death claims against Sheriff Franklin. [Amended Complaint, *The Est. of Gary Brannon v. City of Wetumpka*, No. 24-cv-00005 (M.D. Ala. Sept. 6, 2024), ECF No. 10.] In its September 6, 2024, Order, the Court determined that the Estate failed to plead sufficient facts establishing supervisory liability as to Sheriff Franklin that overcame his qualified immunity assertion, which centered on his own personal involvement. [*See* Memorandum Opinion and Order, *The Est. of Gary Brannon v. City of Wetumpka*, No. 24-cv-00005 (M.D. Ala. Sept. 6, 2024), ECF No. 74.] The Court did not address the issues of unreasonable/excessive and wrongful death as they were not before the Court in Sheriff Franklin's Motion to Dismiss. The Estate voluntarily dismissed those claims

and the other defendants before the Court issued its September 6, 2024, Order. [*See* Order, *The Est. of Gary Brannon v. City of Wetumpka*, No. 24-cv-00005 (M.D. Ala. July 23, 2024), ECF No. 72.] Issue preclusion therefore does not apply and does not bar the Estate's claims.

## CONCLUSION

For the reasons stated in this opinion, Defendant Geoffrey Blake Young's Motion to Dismiss (doc. 18) is due to be and is **DENIED**.

DONE, on this the 8th day of April 2025

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE